IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 AUG 30  AM 7: 45

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

---

VICTOR IKE IWUOHA,

    Petitioner,

vs.

MICHAEL CHERTOFF, et al.,

    Respondents.

No. 05-2322-Ml/P

---

ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2241
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

---

Petitioner Victor Ike Iwuoha, alien number 28388262, who is being detained at the Plaquemines Parish Detention Center ("PPDC") in Braithwaite, Louisiana, filed a pro se petition pursuant to 28 U.S.C. § 2241 on May 2, 2005, accompanied by a legal memorandum concerning the appropriate respondent to this petition and motions seeking a preliminary injunction and a stay of removal. Iwuoha paid the habeas filing fee. The Clerk shall record the respondents as Michael Chertoff, the Secretary of Homeland Security; Alberto Gonzales, the United States Attorney General; and Craig Robinson, the District Director for the Bureau of Immigration Customs Enforcement ("BICE"), New Orleans District.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _8-30-05_



Since the filing of his habeas petition, Iwuoha has filed a number of additional documents. On May 5, 2005, Iwuoha filed a motion seeking release on his personal recognizance. On May 23, 2005, Iwuoha filed two separate supplements to his petition. Iwuoha filed two more supplements to his petition on June 6, 2005, which appear to restate previous arguments. On June 6, 2005, Iwuoha also filed another copy of the legal memorandum he submitted on May 2, 2005, as well as another motion seeking a preliminary injunction and a motion to expedite.

The petition and motions submitted by this petitioner are unclear because portions of the factual background have been omitted. It appears that Iwuoha is a citizen of Nigeria who entered the United States on or about August 25, 1982 on a student visa to attend Tennessee State University in Nashville. He married a United States citizen named Karen C. Jenkins in 1986. On December 12, 1986, Iwuoha and his wife filed a petition to have his status adjusted due to his marriage. Mrs. Iwuoha later withdrew her request because the petitioner was not living with her and "she felt he was intending to commit [or] had committed dishonest or unlawful acts." Record of Deportable Alien, dated Apr. 12, 1988.[1] On May 18, 1987, the Acting District Director for the New Orleans District of the Immigration and Naturalization Service ("INS"), the

---

[1]     A copy of this document is attached to the petition as Exhibit B.

2

predecessor to the BICE, denied Iwuoha's application for permanent residence.

On April 12, 1988, the INS learned that Iwuoha was no longer enrolled at Tennessee State University, so it commenced deportation proceedings.[2] The INS found Iwuoha deportable on August 31, 1988 but granted his motion for voluntary departure. Iwuoha was required to depart the United States on or before December 31, 1988.

Iwuoha did not depart the United States by the date specified. Pursuant to an anonymous tip, Iwuoha was arrested approximately fourteen years later, on September 4, 2003, in Montgomery, Alabama. Iwuoha had apparently been moved to Buffalo, New York to join a charter flight of aliens being removed to Nigeria when the United States Court of Appeals for the Sixth Circuit issued an order on July 9, 2004 staying his removal. Iwuoha v. Ashcroft, No. 04-3641 (6th Cir. July 9, 2004). That stay remains in effect pending the Sixth Circuit's review of a decision of the Board of Immigration Appeals that denied his motion to reopen immigration proceedings.

The claims asserted in this habeas petition are not clearly articulated. Iwuoha appears to be challenging his continued detention pending the decision of the Sixth Circuit in light of the decision in Zadvydas v. Davis, 533 U.S. 678 (2001). Iwuoha is being

---

[2]   See Petition, Exhs. A & B.

3

detained pursuant to 8 U.S.C. § 1226(a), which authorizes the Attorney General to detain a noncriminal alien pending a decision on whether or not the alien is to be removed from the United States. Section 1226(a) also authorizes the Attorney General, in his discretion, to release the alien on bond or immigration parole. Iwuoha raises a due process challenging to that detention, asserting that he is entitled to a hearing before an impartial decisionmaker.

In addition to his challenge to his continued detention, Iwuoha also argues that he is entitled to a suspension of his deportation, pursuant to the former § 244(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1254(a), which was repealed in 1996. That provision permitted an alien to apply for a suspension of deportation if he could show (1) that he had been continually physically present in the United States for seven years preceding his application for relief, and (2) that his deportation would cause "extreme hardship" to himself or to a United States citizen spouse, parent, or child. In this case, Iwuoha asserts that his deportation would cause an extreme hardship to his teenage daughter, who is an American citizen.

Iwuhoa also argues that (i) he is eligible for cancellation of removal and adjustment of status pursuant to 8 U.S.C. § 1229a(c)(6), which provides that an alien may file one motion to reconsider an order that he is removable from the United

4

States; (ii) he is entitled to an adjustment of status due to his marriage to a United States citizen; and (iii) his detention violates international law.

This is the fourth habeas corpus petition Iwuoha has filed since his arrest in 2003. The first petition, which was filed in the United States District Court for the Eastern District of Louisiana on September 8, 2004, raises claims identical to those raised in this petition. District Judge Helen G. Berrigan issued an order on November 17, 2004 that denied the petition without prejudice for failure to exhaust administrative remedies on the ground that the petitioner's challenge to the deportation order was currently pending before the Sixth Circuit. Iwuoha v. Ridge, et al., No. 2:04-2544 (E.D. La.). Iwuoha filed a motion for reconsideration in which he withdrew his challenge to the removal order. Judge Berrigan issued an order on January 10, 2005 that acknowledged that the Court had jurisdiction to consider the legality of the petitioner's continued detention but held that that detention was appropriate. A judgment was entered on January 11, 2005 dismissing his petition without prejudice. Iwuoha did not appeal.

Next, Iwuoha filed his petition in the United States District Court for the Middle District of Tennessee on January 26, 2005. On March 10, 2005, District Judge Todd J. Campbell denied the petition without prejudice and certified that an appeal would not

be taken in good faith. <u>Iwuoha v. Ridge, et al.</u>, No. 3:05-cv-00065 (M.D. Tenn.). The petitioner filed two motions for reconsideration which were denied on March 21, 2005 and March 29, 2005, respectively. Iwuoha did not appeal.

Iwuoha filed his third petition in the United States District Court for the Middle District of Alabama on March 28, 2005. On March 31, 2005, Magistrate Judge Vanzetta Penn McPherson issued a report and recommendation recommending that the petition be transferred to the United States District Court for the Eastern District of Louisiana, where Iwuoha is being detained. On April 18, 2005, District Judge Myron H. Thompson issued an order adopting the report and recommendation and transferring the case to the Eastern District of Louisiana. <u>Iwuoha v. Chertoff, et al.</u>, No. 2:05cv280-T (M.D. Ala.). Iwuoha filed a motion to alter or amend, which was denied on April 28, 2005. The case was transferred to the Eastern District of Louisiana and assigned to Judge Berrigan, at which time Iwuoha filed a motion to voluntarily dismiss. That motion was granted on May 16, 2005 and judgment was entered on May 24, 2005. <u>Iwuoha v. Chertoff, et al.</u>, No. 2:05-1606 (E.D. La.).

With respect to the merits of Iwuoha's most recent petition, this Court does not have jurisdiction over Iwuoha's challenge to the order of deportation, which is governed by 8 U.S.C. § 1252. Section 1252(b)(2) states that "the petition for review [of an order of removal] shall be filed with the court of

appeals for the judicial circuit in which the immigration judge completed the proceedings." It appears, although the petitioner does not explicitly say so, that the immigration judge who issued the order of removal was based in Memphis, and Iwuoha has complied with this section by receiving a stay in the Sixth Circuit. Section 2252(d)(1) states that a court may review a final order of removal only if the alien has exhausted all administrative remedies available to him as of right. Iwuoha has not yet exhausted his petition for review, which is currently pending in the Sixth Circuit. Accordingly, this Court does not have jurisdiction to consider Iwuoha's removability. See 8 U.S.C. § 1252(g) ("Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action of the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.").

The Court therefore DISMISSES this petition for lack of jurisdiction, with the sole exception of the challenge to the petitioner's continuing detention pending removal.

With respect to Iwuoha's challenge to his continuing detention, the law is clear that the proper venue for a § 2241 petition is the judicial district where the petitioner is confined or where his custodian is located. Braden v. 30th Judicial Circuit Ct., 410 U.S. 484, 495-96 (1973); Roman v. Ashcroft, 340 F.3d 314,

318-20 (6th Cir. 2003); <u>Wright v. United States Bd. of Parole</u>, 557 F.2d 74, 77 (6th Cir. 1977) ("The habeas corpus power of federal courts over prisoners in federal custody has been confined by Congress through 28 U.S.C. § 2241 to those district courts within whose territorial jurisdiction the custodian is located."); <u>see also United States v. Griffith</u>, No. 95-1748, 1996 WL 316504, at *2 (6th Cir. June 10, 1996) (to the extent prisoner's filing is construed as § 2241 petition, "the Eastern District of Michigan is not the proper venue to file a § 2241 motion for one incarcerated in Lompoc, California"). "[A] detained alien's immediate custodian is either the warden of the facility where the alien is detained or the INS District Director of the district where the alien is being detained." <u>Roman</u>, 340 F.3d at 320. Iwuoha is not detained in this judicial district, and the BICE District Director for the district where the detention facility is located is also not located in this district. <u>See id.</u> at 320-21.[3] Therefore, this district is not the proper venue for Iwuoha's challenge to his detention.

For all the foregoing reasons, the Court concludes that "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order

---

[3]     It is not necessary to consider the extent to which the Supreme Court's decision in <u>Rumsfeld v. Padilla</u>, 124 S. Ct. 2711 (2004), altered the rule enunciated in <u>Roman</u>, as the Western District of Tennessee is not the proper venue for this habeas petition under either <u>Roman</u> or <u>Rumsfeld</u>. <u>See Rumsfeld</u>, 124 S. Ct. at 2718 (holding that "jurisdiction lies in only one district: the district of confinement" and that "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official").

for the respondent to show cause need not issue. The petition is DISMISSED.[4]

Appeals of habeas petitions under 28 U.S.C. § 2254 and motions under 28 U.S.C. § 2255 are governed by 28 U.S.C. § 2253 and require the district court to consider whether to issue a certificate of appealability. Stanford v. Parker, 266 F.3d 342 (6th Cir. 2001); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063 (6th Cir. 1997). Section 2253 does not apply to habeas petitions by federal prisoners under § 2241. McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 (10th Cir. 1997); Ojo v. Immigration & Naturalization Serv., 106 F.3d 680, 681-82 (5th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Nevertheless, a habeas petitioner seeking to appeal is still obligated to pay the $255 filing fee required by 28 U.S.C. §§ 1913 and 1917. Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915, it is unclear how habeas petitioners establish a right to proceed in forma pauperis and avoid this filing fee.

Although the Sixth Circuit has concluded that the various filing fee payment requirements and good faith certifications of amended § 1915 do not apply to § 2254 cases, it has not resolved whether these requirements apply to § 2241 cases. Kincade v.

_____

[4]      It is unnecessary in this case to transfer the petition to the Eastern District of Louisiana, where Iwuoha is detained. As previously noted, the United States District Court for the Eastern District of Louisiana has denied habeas relief, and the transfer of this petition would result in its voluntary dismissal by the petitioner.

Sparkman, 117 F.3d 949, 951-52 (6th Cir. 1997); cf. McGore v.
Wrigglesworth, 114 F.3d 601 (6th Cir. 1997) (instructing courts
regarding proper PLRA procedures in prisoner civil-rights cases,
without mentioning § 2241 petitions).

     The Tenth Circuit, however, has held that the provisions
of the PLRA do not apply to habeas cases of any sort or to § 2255
motions. See McIntosh, 115 F.3d at 810; United States v. Simmonds,
111 F.3d 737, 743 (10th Cir. 1997). An unpublished Sixth Circuit
opinion has adopted this approach in affirming a decision from this
district. Graham v. United States Parole Comm'n, No. 96-6725, 1997
WL 778515 (6th Cir. Dec. 8, 1997), aff'd Graham v. United States,
No. 96-3251-Tu (W.D. Tenn. Dec. 4, 1996). Because the Court finds
the reasoning of McIntosh persuasive, and because the Court finds
that this conclusion naturally follows from the Sixth Circuit's
decision in Kincade, the Court concludes that the PLRA does not
apply to § 2241 petitions. Cf. Greene v. Tennessee Dep't of
Corrections, 265 F.3d 369 (6th Cir. 2001) (certificate of
appealability requirement is applicable to state prisoner bringing
§ 2241 petition).

     Pursuant to Kincade, a petitioner must seek leave to
proceed in forma pauperis from the district court under Fed. R.
App. 24(a), which provides:

     A party to an action in a district court who desires to
     proceed on appeal in forma pauperis shall file in the
     district court a motion for leave to so proceed, together
     with an affidavit, showing, in the detail prescribed by

Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefore, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith and to deny the certificate if the appeal would be frivolous.

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a petition does not warrant service on the respondent, yet has sufficient merit to support an appeal <u>in forma pauperis</u>. See <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this petition also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by petitioner is not taken in good faith, and he may not proceed on appeal <u>in forma pauperis</u>.

IT IS SO ORDERED this _29_ day of August, 2005.

JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 13 in
case 2:05-CV-02322 was distributed by fax, mail, or direct printing on
August 30, 2005 to the parties listed.

---

Victor Ike Iwuoha
PPDC
110 Prison RD
Braithwaite, LA 70040

Honorable Jon McCalla
US DISTRICT COURT